IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

    v.                                                  Criminal No. 3:09cr283 (DJN)

SAMMY ALEXANDER BONNER, III,
        Petitioner.

**MEMORANDUM OPINION**

This matter now comes before the Court on Petitioner Sammy Bonner's ("Petitioner") Motion to Vacate Conviction and Correct Sentence under 28 U.S.C. § 2255 (the "Motion"). (ECF No. 100.) Bonner, on federal supervised release and proceeding with counsel, challenges his conviction under 18 U.S.C. § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), because the conviction proves now invalidly predicated on conspiracy to commit Hobbs Act robbery, which no longer constitutes a "crime of violence." For the reasons set forth below, the Court DENIES Bonner's Motion.[1]

### I.    BACKGROUND

On August 17, 2009, a grand jury returned an indictment charging Bonner with, *inter alia*, conspiracy to commit robbery and a string of armed robberies in Petersburg, Virginia,

---

[1] Because the Court denies Bonner's Motion for the reason that it plainly lacks merit, the Court need not address the issues of timeliness of Bonner's Motion or procedural default. A district court may summarily dismiss a § 2255 petition, even without reply from the Government "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255. *See also Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) ("Where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate.").

including an NTELOS store, Cashwell store, and Taco Bell restaurant. (Indictment at 1–2 (ECF No. 1).) Specifically, the Indictment charged Bonner with Conspiracy to Obstruct, Delay, and Affect Commerce by Robbery ("Hobbs Act conspiracy"), in violation of 18 U.S.C. § 1951(a) (Count One); seven counts of Robbery Affecting Commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Two through Six, Eight, Ten); Using, Carrying, and Possessing a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(l) and 2 (Count Seven); Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2 (Count Nine); and, Possession of a Firearm which is not Registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d) (Count Eleven). (Indictment at 1.)

The Indictment identified the "crime of violence" underlying Count Seven, the § 924(c) firearm charge, as Count One, Hobbs Act conspiracy *and* Count Six, Hobbs Act robbery of the Taco Bell restaurant. (Indictment at 9 ("[Bonner] did knowingly use, carry, possess, and brandish a firearm . . . during and in relation to and in furtherance of the commission of a crime of violence . . . to wit: [Hobbs Act] Conspiracy . . . as charged in Count One above and . . . [Hobbs Act] Robbery, as charged in Count Six above.").) Bonner's challenge here focuses on Count Seven.

On October 8, 2009, Bonner entered into a plea agreement admitting to Count Four, the NTELOS robbery; Count Five, the Cashwell robbery; and, Count Seven, the § 924(c) firearm charge.[2] (Plea Agreement at 1 (ECF No. 30).) The Plea Agreement incorporated a statement of facts (Statement of Facts (ECF No. 31)) as the factual basis for the plea, establishing Bonner's

---

[2] The plea documents contain discrepancies as to Counts Four and Five, occasionally misstating that they constitute Hobbs Act conspiracies; however, these infirmities prove immaterial to the Court's analysis, because Bonner's challenge pertains to Count Seven and its predicates, Counts One and Six.

2

"guilt of the offenses charged beyond a reasonable doubt." (Plea Agreement at 2.) The Statement of Facts supports Counts Four, Five and Seven — along with Count Seven's predicates, Counts One and Six — by specifically describing Bonner's culpable conduct in the conspiracy and the NTELOS, Cashwell and Taco Bell robberies. (Statement of Facts at 1–4.)

That same day, Bonner appeared before then-United States Magistrate Judge M. Hannah Lauck, who accepted Bonner's guilty plea. (ECF No. 28.) The plea colloquy described Count Seven without specifying the underlying predicate crimes of violence. (Tr. at 3, 6–7, 22 (ECF No. 154).) However, Judge Lauck's colloquy expressly reviewed the terms of the Plea Agreement and Statement of Facts, and Bonner affirmed that he knowingly and voluntarily entered into them with full understanding of their contents. (Tr. at 11–16, 22–23.)

Judge Lauck recommended that the Court's "findings, including the acceptance of the defendant's pleas of guilty and resulting judgement of guilt, be adopted." (Report and Recommendation at 3 (ECF No. 32).) United States District Judge James R. Spencer accepted the Report and Recommendation and adjudged Bonner guilty. (ECF No. 41.) On January 8, 2010, Judge Spencer sentenced Bonner to thirty months' imprisonment on Counts Four and Five, to be served concurrently, followed by a consecutive sentence of 120 months imposed on Count Seven. (ECF No. 56 at 2.) Additionally, the Court imposed supervised release terms of three years for Counts Four and Five to run concurrent to a term of five years for Count Seven. (ECF No. 56 at 3.) Bonner completed his term of imprisonment on April 1, 2020, and now remains on federal supervised release. (Resp. in Opp. to Def.'s Mot. to Vacate Conviction Under 18 U.S.C. § 2255 ("Resp.") at 7 (ECF No. 159).)

On June 23, 2020, Bonner filed the instant Motion under 28 U.S.C. § 2255, attacking his conviction for Count Seven. (Mot. to Vacate Conviction and Correct Sentence Under 28 U.S.C.

§ 2255 (ECF No. 100).) Bonner argues that *United States v. Davis*, 139 S. Ct. 2319 (2019) voids his conviction under 18 U.S.C. § 924(c), because that conviction proves invalidly predicated on Hobbs Act conspiracy, which no longer constitutes a "crime of violence." (Mot. at 1–2.) The Government opposed the Motion (ECF No. 159) on April 4, 2021, arguing that it faces procedural bars and lacks merit, because Bonner's § 924(c) conviction retains a valid "crime of violence" predicate: Hobbs Act robbery. (Resp. at 1, 8, 21.) Bonner filed his Reply (ECF No. 163) on April 20, 2021, rendering this matter ripe for review.

## II. APPLICABLE LAW

Title 28 U.S.C. § 2255(a) allows a prisoner in federal custody to assert their right to release and move the court to vacate, set aside or correct a sentence if "[(1)] the sentence was imposed in violation of the Constitution or laws of the United States, or . . . [(2)] the court was without jurisdiction to impose such sentence, or . . . [(3)] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[3] "Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction," the petitioner bears the burden of proof of any of these grounds for relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Bonner cannot sustain that burden here.

---

[3] The Fourth Circuit held in *United States v. Pregent* that "a prisoner on supervised release is considered to be 'in custody' for purposes a § 2255 motion." 190 F.3d 279, 283 (4th Cir. 1999) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (using parole as an example of custody and stating "[o]ur interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus")).

4

### III. DISCUSSION

Bonner argues that *United States v. Davis* entitles him to vacatur of his 18 U.S.C. § 924(c) conviction, because the conviction proves now invalidly predicated on conspiracy to commit Hobbs Act robbery, which no longer constitutes a "crime of violence." As explained below, neither *Davis* nor *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), invalidate Bonner's conviction.

#### A. Conspiracy to Commit Hobbs Act Robbery Cannot Serve as a Valid Predicate Crime of Violence for a § 924(c) Charge.

18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm during and in relation to a crime of violence. As a baseline, a defendant faces an additional period of imprisonment of five years. *Id.* § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Bonner's convictions, the Government could demonstrate that an underlying offense constituted a crime of violence if it established that the offense qualified as a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). In *Davis*, the Supreme Court invalidated the Residual Clause. 139 S. Ct. at 2336 ("[Section] 924(c)(3)(B) is unconstitutionally vague."). As a result, Bonner's § 924(c)

5

conviction remains valid only if it relies on a predicate offense that qualifies as a crime of violence under the Force Clause.

In *United States v. Mathis*, the Fourth Circuit concluded that "Hobbs Act Robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d 242, 266 (4th Cir. 2019). A defendant commits Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

By contrast, in *United States v. Simms*, the Fourth Circuit determined that conspiracy to commit Hobbs Act robbery fails to satisfy the Force Clause as a crime of violence. 914 F.3d 229 (4th Cir. 2019). There, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a crime of violence, but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a crime of violence under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. The parties and the Fourth Circuit agreed that:

> conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under the [Force Clause] . . . . because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (cleaned up). Additionally, the Fourth Circuit held that the Residual Clause of

6

§ 924(c) proved unconstitutional as void for vagueness. *Id.* at 236; *accord Davis* 139 S. Ct. at 2336 ("[Section] 924(c)(3)(B) is unconstitutionally vague.").

In the wake of *Davis* and *Simms*, Bonner argues that conspiracy to commit Hobbs Act robbery cannot serve as a valid predicate crime of violence for a § 924(c) charge, contending that the Court should vacate his conviction for Count Seven and its corresponding five-year term of supervised release. As discussed below, although Hobbs Act conspiracy can no longer serve as a valid predicate for a § 924(c) conviction, the Government also predicated Bonner's § 924(c) conviction on a still-valid predicate, Hobbs Act robbery.

B.   **Bonner's Conviction Remains Valid.**

The Fourth Circuit recently reaffirmed its holding in *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016), "that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following [*Simms* and *Davis*.]" *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021). In *Hare*, the court upheld a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime where a factual basis to support the drug trafficking crime existed, because the jury indicated on a special verdict form that the defendants possessed a firearm in furtherance of both crimes. 820 F.3d at 106. In *Crawley*, the court went further and upheld a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime where the factual basis to support the drug trafficking crime existed based upon the statement of facts incorporated into the plea agreement. 2 F.4th at 262. In so doing, the court specifically "extend[ed *Hare*'s] holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." *Id.* at 263.

7

In this case, the Government predicated Bonner's § 924(c) conviction in Count Seven on a valid predicate crime of violence, substantive Hobbs Act robbery, in addition to the now-invalid predicate, conspiracy to commit Hobbs Act robbery. Although the Government need not have charged or convicted Bonner of the predicate offenses, it bore the burden of showing "that the evidence was sufficient to permit the [trier of fact] to find [the elements of the predicate offense] beyond a reasonable doubt." *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997); *United States v. Randall*, 171 F.3d 195, 208 (4th Cir. 1999). Here, the Government met its burden through the language of the Indictment, the terms of the Plea Agreement and the factual bases specified in the Statement of Facts and affirmed in the plea colloquy.

In Count Seven, the Indictment specified Hobbs Act robbery and Hobbs Act conspiracy as the predicate offenses for Bonner's § 924(c) violation, stating:

> On or about March 28, 2009, in the Eastern District of Virginia, [Bonner] . . . did knowingly use, carry, possess, and brandish a firearm . . . during and in relation to and in furtherance of the commission of a crime of violence for which [he] may be prosecuted in a court of the United States, to wit: Conspiracy to Obstruct, Delay and Affect Commerce by Robbery as charged in Count One above and Interference with Commerce by Robbery, as charged in Count Six above. (In violation of Title 18, United States Code, Sections 924(c)(1), (3) and (4)).

(Indictment at 9.) Count Six charged Bonner with Hobbs Act robbery as follows:

> On or about March 28, 2009, at the Taco Bell restaurant; 3219 S. Crater Road, Petersburg, Virginia, in the Eastern District of Virginia, [Bonner] . . . knowingly and willfully commit[ed] robbery . . . in that [he] did unlawfully take and obtain property consisting of approximately $447.37 in United States currency from the persons of, and in the presence of, Taco Bell restaurant employees E.S., L.M., and L.S., against their will by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons, that is, [Bonner] used, carried, displayed, possessed, brandished, and pointed firearms and items that appeared to be firearms at and in the presence of employees of Taco Bell restaurant, and demanded money from the business. (In violation of Title 18, United States Code, Sections 1951(a) and 2).

(Indictment at 8.)

8

Bonner pleaded guilty to Count Seven in his Plea Agreement and admitted the facts set forth in the incorporated Statement of Facts. (Plea Agreement at 1–2.) The Statement of Facts described the Taco Bell robbery that served as the Hobbs Act robbery predicate to Count Seven:

> On or about March 28, 2009, BONNER, Figueroa, and Dickerson robbed the Taco Bell located at 3219 S. Crater Road in Petersburg, Virginia. BONNER and Figueroa entered the business with a firearm. Specifically, BONNER carried a Maverick Arms (manufactured by O.F. Mossberg & Sons), model 88, 12 gauge [sic] slide-action shotgun, with an obliterated serial number, with a barrel length of less than 18 inches. BONNER and Figueroa threatened the employees, aiming the shotgun at several of them, and demanded funds. They stole $447.37 from the safe.

(Statement of Facts ¶ 9.)

At the plea hearing, Judge Lauck found that Bonner knowingly and voluntarily entered into the Plea agreement. (Tr. at 24.) Additionally, Bonner, while under oath, confirmed the accuracy of the description of his offense conduct in the Plea Agreement and Statement of Facts:

> THE COURT: All right. Now, I want to review the plea agreement with you, Mr. Bonner. That document is 15 pages long. There's a place for you to sign on Page 14. Did you sign there, sir?
>
> MR. BONNER: Yes, ma'am.
>
> . . . .
>
> THE COURT: All right. Now, I want to go over with you, Mr. Bonner, what I think are the terms of the plea to make sure it matches up essentially with what you think the deal is. As I see it, you're proposing to plead guilty to [Counts Four, Five and Seven]. You're agreeing to plead guilty because you are guilty. And you're admitting the facts in the statement of facts, and that they establish guilt. . . . Is that your understanding of the agreement here?
>
> MR. BONNER: Yes, ma'am.
>
> . . . .
>
> THE COURT: All right. Now, to make a finding as to the basis in fact we'll turn to the statement of facts, as I said we'd do earlier. That document is five pages long. And there's a place for you to have signed on Page 5. Did you sign there, sir?
>
> MR. BONNER: Yes, ma'am.

9

. . . .

THE COURT: All right. So I can make a finding as to these facts. But before I make any kind of finding I'm going to ask you, . . . . Mr. Bonner, is there anything in these facts that you think should be added to or changed or corrected or deleted?

MR. BONNER: No, ma'am.

THE COURT: Did you sign the statement of facts because the information in it is true?

MR. BONNER: Yes, ma'am.

(Tr. at 11–16, 22–23.)

Thus, the Court finds that, based on the facts that Bonner admitted through his Plea Agreement and Statement of Facts that he affirmed under oath in his plea colloquy, a trier of fact could have found him guilty of substantive Hobbs Act robbery of the Taco Bell beyond a reasonable doubt.[4]

Therefore, the Indictment, in combination with the Plea Agreement, Statement of Facts and Bonner's affirmation to the Court during the plea hearing established that Bonner's § 924(c) conviction remains validly predicated on a substantive Hobbs Act robbery. Because Hobbs Act robbery categorically qualifies as a crime of violence under the Force Clause of § 924(c), Bonner's § 924(c) conviction remains valid.[5]

---

[4] Hobbs Act robbery requires that the Government prove "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the 'wrongful use of actual or threatened force, violence or fear or under color of official right'; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015).

[5] In light of *Crawley*, the Court need not reach Bonner's argument that he pleaded guilty only to the less serious statutory conduct, namely, the now-invalid predicate for conspiracy to commit Hobbs Act robbery, "because the statement of facts in [Bonner's] plea agreement is akin to a special verdict identifying the factual bases for conviction. And this statement of facts shows that [Bonner] is, in fact, guilty of the [Hobbs Act robbery] predicate." 2 F.4th at 267 (cleaned up).

10

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Bonner's Motion to Vacate and DISMISSES Bonner's claim and action.

A petitioner has no right of appeal from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To merit a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The petitioner meets this burden by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up). Bonner has not satisfied this standard. Accordingly, the Court DENIES a certificate of appealability.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 6, 2021

11